IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION

| | |
|---|---|
| JULIUS BOWENS, JR.,<br>6462 Roots Drive<br>Glen Bernie, Maryland 21061 | Civil Action No.: |
| Plaintiff,<br>v. | JURY TRIAL DEMANDED |
| VERIZON MARYLAND LLC<br>1209 Orange Street<br>Wilmington, Delaware, 19801 | |
| and | |
| TRANSUNION LLC<br>555 West Adams Street<br>Chicago, Illinois 60661 | |
| and | |
| EXPERIAN INFORMATION SOLUTIONS, INC.<br>475 Anton Boulevard<br>Costa Mesa, California 92626 | |
| and | |
| EQUIFAX INFORMATION SERVICES, LLC<br>1550 Peachtree Street, NW<br>Atlanta, Georgia, 30309 | |
| Defendants. | |

**COMPLAINT**

1. Defendant Verizon Maryland LLC ("Verizon"), repeatedly inaccurately reported Plaintiff, Julius Bowens, Jr., ("Plaintiff") to all three major consumer reporting agencies ("CRAs") as a debtor in bankruptcy, which Verizon and each CRA subsequently verified as correct, in violation of the Fair Credit Reporting Act ("FCRA").

1

**JURISDICTION**

2. This Court has subject matter jurisdiction to consider and determine this matter, pursuant to 28 U.S.C. § 1331.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the acts and transactions occurred here, and all Defendants transact business here.

**PARTIES**

4. Plaintiff is a natural person who currently resides in Glen Burnie, Maryland. Plaintiff is a consumer as defined by 15 U.S.C. § 1681a(b) and (c).

5. Defendant, Verizon Maryland LLC. ("Verizon") is a Delaware corporation with its principal place of business located at 1209 Orange Street, Wilmington, Delaware, 19801. Defendant does business in Maryland and is registered to do so through the state of Maryland.

6. Verizon regularly furnishes credit information on consumers to the major CRAs and is therefore a "furnisher" under the terms of the FCRA.

7. Defendant TransUnion is a Delaware corporation with its principal place of business located at 555 W. Adams Street, Chicago, Illinois 60661. TransUnion is authorized to do business in the State of Maryland and is registered with the Maryland Secretary of State with a registered agent located in Maryland.

8. Defendant Experian Information Solution, Inc. ("Experian") is an Ohio corporation with its principal place of business located at 475 Anton Boulevard, Costa Mesa, California 92626. Experian is authorized to do business in the State of Maryland and is registered with the Maryland Secretary of State with a registered agent located in Maryland.

9. Defendant Equifax Information Service, Inc. ("Equifax") is a Georgia corporation with its principal place of business located at 1550 Peachtree St., NW, Atlanta, GA, 30309.

Equifax is authorized to do business in the State of Maryland and is registered with the Maryland Secretary of State with a registered agent located in Maryland.

10.     TransUnion, Experian, and Equifax (collectively, "CRA Defendants") are regularly engaged in the business of compiling and maintaining files on consumers on a nationwide basis for the purpose of furnishing consumer reports to third parties bearing on a consumer's credit worthiness, credit standing, or credit capacity and are, therefore, "consumer reporting agenc[ies]" as that term is defined by 15 U.S.C. § 1681a(p).

## FACTS

11.     In or around 2019, Plaintiff became aware that Verizon had reported an account under his name to the CRAs and listed that account as included in a bankruptcy.

12.     Though the account belonged to him, Plaintiff has never been a debtor in a bankruptcy proceeding, rendering the tradeline inaccurate.

13.     Plaintiff's father, Julius Bowens, Sr., filed a bankruptcy petition in or around March 13, 2018, but Plaintiff was not involved in that proceeding.

14.     Julius Bowens, Sr.'s bankruptcy did not include a Verizon account.

15.     No other account on Plaintiff's credit report includes a bankruptcy notation.

16.     The public record section of Plaintiff's report also does not include a bankruptcy.

17.     Plaintiff contacted Verizon by phone on multiple occasions following discovery of the inaccurate report to attempt to resolve the incorrect reporting, advising Verizon that the bankruptcy in question belonged to his father and did not include his account.

18.     Verizon refused to correct its inaccurate reporting.

19.     In or around May 2020, Plaintiff sent multiple disputes to each CRA Defendants via each CRA Defendant's website.

20. The disputes stated that Plaintiff had never filed for bankruptcy, a fact verifiable with public records.

21. Upon information and believe, the CRA Defendants each timely notified Verizon of Plaintiff's disputes.

22. Each of the CRA Defendants, however, verified Verizon's reporting as accurate.

**Failure to Appropriately Reinvestigate Plaintiff's Dispute or Adopt Reasonable Procedures to Prevent Inaccurate Reporting**

23. Had Verizon, Transunion, Experian, and/or Equifax performed a reasonable reinvestigation of the account, and/or had adequate policies and procedures to do so, they would not and could not have confirmed the reported bankruptcy filing as accurate.

24. Bankruptcy records are accessible in the public record, and the merits of Plaintiff's credit disputes are easily verifiable by a simple PACER search, or similar means.

25. Plaintiff did not ask any defendant to parse whether this particular account was included in a bankruptcy.

26. He simply requested that Defendants confirm that it was not *his* bankruptcy at all.

27. Any reasonable investigation by Verizon or the CRA Defendants would have easily established that each and every defendant had confused Plaintiff with his father.

28. For the CRA Defendants, a review of their own systems, and the absence of any other reference to bankruptcy should have raised a red flag as to the erroneous nature of the Verizon tradeline.

29. In the face of Plaintiff's multiple efforts to resolve the inaccurate reporting, only to have Verizon refuse to make a simple investigation into whether the Plaintiff had indeed filed bankruptcy, Verizon's actions were willful.

30. Likewise, upon information and belief, the CRA Defendants' investigation failures reflect internal policies the limit investigation relating to accounts included in bankruptcy. Their actions were, accordingly, willful.

**Damages**

31. As a result, in part, of Defendants' inaccurate reporting and reinvestigation failures, Plaintiff's credit rating suffered significantly, during a time that he sought unsuccessfully to both obtain and then refinance a car loan, as well as acquire a credit card, and to otherwise obtain credit.

32. The inaccurate tradeline remains on Plaintiff's report, delaying his ability to build his credit to a point of creditworthiness that he may qualify to purchase a home for his family.

33. Plaintiff has been forced to devote substantial time and effort to repeated, unsuccessful attempts to resolve the erroneous reporting.

34. Defendants' actions have caused Plaintiff significant stress, anxiety, and emotional distress, manifest through symptoms including, but not limited to, loss of sleep.

35. Defendants' actions have also caused significant embarrassment for Plaintiff.

**CLAIMS**

**COUNT I**
**Violation of the Fair Credit Reporting Act**
**15 U.S.C. § 1681 *et seq*. (FCRA)**
**(against Verizon)**

36. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

37. Defendant Verizon willfully, or in the alternative negligently, violated 15 U.S.C. § 1681s-2(b) by failing to conduct reasonable investigations upon receiving notice of Plaintiff's dispute from Transunion, Experian, and/or Equifax by failing to appropriately modify, delete,

5

and/or block the inaccurate information, in reckless disregard of the statutory requirements, Plaintiff's dispute, and public records.

38. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(1); statutory damages pursuant to 15 U.S.C. § 1681n(a)(1); punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from Verizon.

39. As a result of each and every negligent noncompliance of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2) from Verizon.

## COUNT II
### Violation of the Fair Credit Reporting Act
### 15 U.S.C. § 1681 *et seq*. (FCRA)
### (against TransUnion, Experian, and Equifax)

40. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

41. Defendants, Transunion, Experian, and Equifax, willfully or, in the alternative negligently, violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure the maximum possible accuracy of information concerning Plaintiff in Plaintiff's consumer reports, in reckless disregard of the statutory requirements, Plaintiff's disputes, public records, and their own records.

42. Defendants, Transunion, Experian, and Equifax, willfully, or in the alternative negligently, violated 15 U.S.C. § 1681i in multiple ways including without limitation by failing to conduct a reasonable reinvestigation of Plaintiff's dispute and by failing thereafter to appropriately delete or modify information in Plaintiff's file and on Plaintiff's consumer report,

in reckless disregard of the statutory requirements, Plaintiff's dispute, public records, and their own records.

43. As a result of Transunion, Experian, and Equifax,'s violations of §§ 1681e(b) and 1681i, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. §§ 1681n and 1681o.

44. Defendants, Transunion, Experian, and Equifax's actions and omissions were willful, rendering Defendants, Transunion, Experian, and Equifax liable for punitive damages and/or statutory damages pursuant to 15 U.S.C. § 1681n.

45. Plaintiff is entitled to recover costs and attorney's fees from Transunion, Experian, and Equifax pursuant to 15 U.S.C. §§ 1681n and 1681o.

## PRAYER FOR RELIEF

WHEREFORE, to redress the injuries caused by Defendants' conduct as stated in the foregoing paragraphs, Plaintiff hereby requests the following relief:

- an award of actual damages pursuant to 15 U.S.C. § 1681n(a)(1);
- award of statutory damages pursuant to 15 U.S.C. § 1681n(a)(1);
- an award of punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2);
- award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3) and 15 U.S.C. § 1681(o)(a)(1);
- an award of pre-judgment and post-judgment interest; and
- such other relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff respectfully demands a jury trial on all issues so triable.

Dated October 29, 2020  Respectfully submitted on behalf of Plaintiff,

   */s/ Courtney L. Weiner*
Courtney L. Weiner (#19463)
Law Office of Courtney Weiner PLLC
1629 K Street NW, Suite 300
Washington, DC 20006
PH: 202-827-9980
cw@courtneyweinerlaw.com

   */s/ Seth W. Diamond*
Seth W. Diamond (#28823)
The Diamond Law Group, LLC
One Research Court, Suite 450
Rockville, Maryland 20850
PH: 301-565-5258
seth@thediamondlawgroup.com